PEOPLE v TRACEY

Docket No. 186458. Submitted December 3, 1996, at Grand Rapids. Decided January 31, 1997, at 9:10 A.M. Leave to appeal sought.

Donald W. Tracey was charged in the Cheboygan Circuit Court with six counts of assault with intent to commit second-degree criminal sexual conduct. The court, Robert C. Livo, J., declared the jury trial a mistrial and subsequently granted the defendant's motion to dismiss the charges with prejudice, ruling that the prosecution had engaged in intentional misconduct by not disclosing to the defendant before trial that the complainant would testify that the defendant had told the complainant that the defendant's wife had been withholding sex from the defendant. The court also held that the intentional misconduct of the prosecutor barred retrial on double jeopardy grounds. The prosecution appealed.

The Court of Appeals *held*:

1. The prosecution was not required by MCR 6.201(A)(2) or MCR 6.201(B) to disclose the challenged testimony because it did not involve a written or recorded statement by the witness or a written or recorded exculpatory statement by the defendant. Also, because this case did not involve the situation where a prosecutor allowed false testimony to stand uncorrected, where the defendant served a timely discovery request on the prosecution and material evidence favorable to the accused was suppressed, or where the defendant made only a general request for exculpatory information or no request and exculpatory evidence was suppressed, the defendant's due process rights to discovery were not implicated. The trial court clearly erred in finding intentional prosecutorial misconduct and consequently erred in declaring a mistrial and dismissing the charges with prejudice.

2. When a mistrial is declared, retrial is permissible under double jeopardy principles in two circumstances: where there was manifest necessity to declare the mistrial or where the defendant consented to the mistrial and was not goaded into consenting by intentional misconduct by the prosecution. In this case, a retrial is permissible because, although there was no manifest necessity to declare a mistrial inasmuch as the prosecutor was not obligated to disclose to the defendant before trial the challenged testimony of

the complainant, the defendant consented to the mistrial by expressly objecting to continuation of the initial trial.

Reversed and remanded.

1. CRIMINAL LAW – DISCOVERY – CONSTITUTIONAL LAW – DUE PROCESS.

A defendant's due process rights to discovery may be implicated where a prosecutor allows false testimony to stand uncorrected, where the defendant served a timely request on the prosecution and material evidence favorable to the accused is suppressed, or where the defendant made only a general request for exculpatory information or no request and exculpatory evidence is suppressed.

2. CRIMINAL LAW – MISTRIAL – RETRIAL – CONSTITUTIONAL LAW – DOUBLE JEOPARDY.

A retrial following a mistrial is permissible under double jeopardy principles where there was manifest necessity to declare the mistrial or where the defendant consented to the mistrial and was not goaded into consenting by intentional misconduct by the prosecution.

3. CRIMINAL LAW – MISTRIAL – CONSTITUTIONAL LAW – DOUBLE JEOPARDY.

A defendant consents to a mistrial, for purposes of a double jeopardy analysis, by expressly objecting to continuation of the initial trial; express objection to continuation of the initial trial waives the right to have the trial completed by a particular tribunal.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Joseph P. Kwiatkowski*, Prosecuting Attorney, for the people.

*Pavlich & MacArthur* (by *Scott L. Pavlich* and *Timothy R. MacArthur*), for the defendant.

Before: SAWYER, P.J., and MARKMAN and H. A. KOSELKA*, JJ.

MARKMAN, J. The prosecution appeals as of right pursuant to MCL 770.12; MSA 28.1109 an order granting defendant's motion for dismissal with prejudice. We reverse and remand.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant was charged with six counts of assault with intent to commit second-degree criminal sexual conduct. MCL 750.520g; MSA 28.788(7). In her opening statement, the prosecutor stated that defendant had told the complainant that his wife was withholding sex from him. The trial court allowed the complainant to testify about this statement in front of the jury over defense objections that the statement had not been disclosed before trial. The prosecutor stated that the complainant first told her this information the night before trial. Although defense counsel argued that the prosecution's failure to disclose the statement provided grounds for dismissal, both the defense and the prosecution indicated that they did not want a mistrial declared. However, defense counsel also stated that he did not want to proceed with the trial. The trial court sua sponte declared a mistrial, finding that the "withholding sex" statement constituted an admission of defendant and that the prosecutor's failure to disclose the statement before using it in her opening statement deprived defendant of a fair trial. At that time, the trial court stated, "I don't believe it would be fair to these parties to dismiss this case with prejudice." However, two months later, the trial court granted defendant's motion to dismiss with prejudice, finding that the prohibition against double jeopardy barred retrial because intentional prosecutorial misconduct precipitated the mistrial.

We begin by reviewing the trial court's finding of intentional misconduct on the part of the prosecution. This is a mixed question of fact and law. This Court reviews factual findings under the clearly erroneous standard. MCR 2.613(C). We review questions of law

de novo. *People v Laws*, 218 Mich App 447, 451; 554 NW2d 586 (1996). In criminal cases tried after January 1, 1995, discovery is governed by MCR 6.201. Under subsection A(2) of that rule, a party must provide to all other parties upon request any *written or recorded* statement by a lay witness whom the party intends to call as a witness at trial, except that a defendant is not obliged to provide his own statement. Under subsection B, a prosecutor is required to provide a defendant with, among other things, any exculpatory information, any police report concerning the case and any *written* or *recorded* statements by the defendant, an accomplice, or a codefendant. Here, defendant was provided with the complainant's written statement to the police in the police report. There is no indication that the complainant's conversation with the prosecutor the night before trial was written or recorded. The "withholding sex" statement was not exculpatory. Consequently, there was no obligation on the part of the prosecutor to disclose this unrecorded statement to defendant before trial under MCR 6.201.

Moreover, in *People v Canter*, 197 Mich App 550, 568-569; 496 NW2d 336 (1992), this Court identified three situations in which a defendant's due process rights to discovery may be implicated: (1) where a prosecutor allows false testimony to stand uncorrected; (2) where the defendant served a timely request on the prosecution and material evidence favorable to the accused is suppressed; or (3) where the defendant made only a general request for exculpatory information or no request and exculpatory evidence is suppressed. None of these situations applies here; the statement was neither favorable to defend-

ant nor exculpatory and was not known to be false. Therefore, the trial court clearly erred in finding intentional prosecutorial misconduct. It consequently erred in declaring a mistrial and granting defendant's motion for dismissal with prejudice on the basis of this erroneous finding.[1]

The issue before us is whether the prohibition against double jeopardy bars retrial of defendant under these circumstances. In *People v Dawson*, 431 Mich 234; 427 NW2d 886 (1988), the Court addressed the issue whether the double jeopardy provision bars retrial when prosecutorial misconduct provoked a defendant's motion for a mistrial. The *Dawson* Court stated at 252-253:

> The Double Jeopardy Clause does not bar all retrials. The Supreme Court of the United States has held that the charged offense may be retried where the mistrial was declared because of a hung jury. The Court has fashioned a balancing test focusing on the cause prompting the mistrial. The thrust of the Court's decisions is that the Double Jeopardy Clause does not bar retrial where the prosecutor or judge made an innocent error or where the cause prompting the mistrial was outside their control. Where the motion for mistrial is made by the prosecutor, or by the judge sua sponte, retrial will be allowed if declaration of the mistrial was "manifest[ly] necess[ary]" . . . .
>
> Where the motion for mistrial was made by defense counsel, or with his consent, and the mistrial was caused by innocent conduct of the prosecutor or judge, or by factors beyond their control, or by defense counsel himself, retrial is also generally allowed, on the premise that by making or consenting to the motion the defendant waives a double jeopardy claim.

---

[1] If, to assure the fairness and integrity of the proceedings, the trial court believed some remedy appropriate, a continuance would have been adequate.

It also stated at 257:

> Retrials are an exception to the general double jeopardy
> bar. Where a mistrial results from apparently innocent or
> even negligent prosecutorial error, or from factors beyond
> his control, the public interest in allowing a retrial out-
> weighs the double jeopardy bar. The balance tilts, however,
> where the judge finds, on the basis of the "objective facts
> and circumstances of the particular case," that the prosecu-
> tor intended to goad the defendant into moving for a
> mistrial.

Thus, when a mistrial is declared, retrial is permissi-
ble under double jeopardy principles in two circum-
stances: (1) where there was "manifest necessity" to
declare the mistrial or (2) where the defendant con-
sented to the mistrial and was not goaded into con-
senting by intentional prosecutorial misconduct. See
also *People v Hicks*, 447 Mich 819, 827-828; 528 NW2d
136 (1994) (GRIFFIN, J.)

We first consider whether the declaration of a mis-
trial was manifestly necessary. "Although there is no
precise test concerning what constitutes 'manifest
necessity,' it appears to refer to the existence of suffi-
ciently compelling circumstances that would other-
wise deprive the defendant of a fair trial or make its
completion impossible." *People v Rutherford*, 208
Mich App 198, 202; 526 NW2d 620 (1994). Here, as
discussed above, the prosecutor was not obligated to
disclose the "withholding sex" statement to defendant
before trial and the trial court erred in declaring a
mistrial on the basis of alleged prosecutorial miscon-

duct. Accordingly, there was no manifest necessity to declare a mistrial here.[2]

Next, we consider whether defendant consented to the declaration of a mistrial. Defendant contends that he neither moved for a mistrial nor consented to one. A mistrial is a "trial which has been terminated prior to its normal conclusion." Black's Law Dictionary (5th ed), p 963. Here, defendant moved for a dismissal with prejudice on the basis of the prosecution's failure to disclose the "withholding sex" statement. Because this was a motion to terminate the trial "prior to its normal conclusion," i.e., before a decision on the merits, the granting of the motion constitutes a species of mistrial.

Moreover, defendant clearly indicated that he did not want to continue the trial. After defense counsel reiterated that he was not acquiescing in the mistrial, the following exchange occurred:

> *The Court*: I would grant you an option to go the other way, if you want. We'll go ahead with the trial. Do you wish to elect that option?
> *Defense counsel*: No.

Accordingly, defendant consented to discontinuance of the trial by expressly objecting to its continuance.[3]

---

[2] We note that this standard anomalously encourages prosecutors to argue on appeal that a mistrial was "manifestly necessary" and defense counsel to argue that a mistrial was not "manifestly necessary" even when the prosecution opposed the mistrial below and defense counsel sought to discontinue the trial. In cases where a trial court clearly errs in declaring a mistrial as here, the "manifest necessity" standard apparently bars retrial (unless the defendant has sought or consented to the mistrial.)

[3] We note that defense counsel took the position of opposing the declaration of a mistrial while at the same time electing not to proceed with trial, apparently in the determination to eat his cake and have it too. How-

The issue therefore becomes whether this consent makes retrial appropriate under double jeopardy principles. Retrial is permissible when a defendant consents to a mistrial because such consent constitutes a waiver of a double jeopardy claim. See *Dawson, supra* at 253. One interest protected by the prohibition against double jeopardy is "a defendant's 'valued right' to have his trial completed by a particular tribunal." *Wade v Hunter*, 336 US 684, 689; 69 S Ct 834; 93 L Ed 974 (1949). In *People v Thompson*, 424 Mich 118, 123; 379 NW2d 49 (1985), the Court quoted with approval *People v Anderson*, 409 Mich 474, 484; 295 NW2d 482 (1980):

> If the trial or proceeding ends without the defendant's consent, further prosecution is generally barred; the defendant's "valued right to have his trial completed by a particular tribunal" was taken from him, and reprosecution smacks of harassment.

In *Oregon v Kennedy*, 456 US 667, 672; 102 S Ct 2083; 72 L Ed 2d 416 (1982), the United States Supreme Court stated:

> [I]n the case of a mistrial declared at the behest of the defendant, . . . the defendant himself has elected to terminate the proceedings against him, and the "manifest necessity" standard has no place in the application of the Double Jeopardy Clause.

These authorities indicate that it is the waiver of this particular interest—a defendant's "right to have his trial completed by a particular tribunal"—that makes retrial permissible under double jeopardy principles.

---

ever, it is not obligatory that this Court accommodate defendant's inconsistent desires under such circumstances.

Thus, the essential issue in determining whether a defendant consented to a mistrial and is accordingly subject to retrial is whether the defendant waived this right.

Generally, if a defendant consents to the discontinuation of a trial, he consents to the loss of this "right to have his trial completed by a particular tribunal."[4] This is true even where, as here, the defendant consents to the discontinuation of the trial while technically not consenting to the mistrial. Accordingly, to determine whether consent makes retrial permissible under double jeopardy principles, the relevant issue is whether a defendant consented to the discontinuance of the trial, rather than whether he formally consented to the declaration of a mistrial. In the context of clear evidence demonstrating that defendant elected to forgo his right to continue the trial by unequivocally consenting to its discontinuation, we hold that the prohibition against double jeopardy does not bar retrial here.

For these reasons, we reverse the order granting defendant's motion for dismissal with prejudice and the declaration of a mistrial and we remand for retrial.

Reversed and remanded.

---

[4] As discussed above, the prosecution's decision not to disclose the "withholding sex" statement to defendant before trial did not constitute misconduct. Accordingly, the prosecution did not, by intentional misconduct, "goad" defendant into consenting to discontinuation of the trial. See *Dawson, supra* at 257.