# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

ROGER LEE OZIER,

　　　　　Defendant-Appellant.

UNPUBLISHED
November 18, 2014

No.  317217
Jackson Circuit Court
LC No.  12-004931-FC

Before:  OWENS, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals by right from his convictions following a jury trial of armed robbery, MCL 750.529, and bank robbery, MCL 750.531.  The convictions stem from the armed robbery of a credit union.  The trial court sentenced defendant as a habitual offender, fourth offense, MCL 769.12, to serve concurrent prison terms of 30 to 50 years on each conviction.  We affirm.

Defendant argues that the court erred in admitting evidence of other uncharged acts.  He acknowledges that the issue is unpreserved, as he argues that his trial counsel was ineffective for failing to raise an objection.  This latter assertion of error is also unpreserved and our review is limited to errors apparent on the record.  *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008).  Whether assistance provided by counsel is constitutionally adequate is a question of law reviewed de novo.  *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

Generally, use of other acts as evidence of character is excluded to avoid the danger of conviction based on a defendant's history of misconduct.  *People v Starr*, 457 Mich 490, 495; 577 NW2d 673 (1998).  But MRE 404(b)(1) provides that other acts evidence may be "admissible for other purposes . . . whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case."

To be admissible under MRE 404(b), other acts evidence (1) must be offered for a proper purpose, (2) must be relevant, and (3) must not have a probative value substantially outweighed by its potential for unfair prejudice.  *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004).  A proper purpose is one other than establishing the defendant's character to show his propensity to commit the offense.  *People v Johnigan*, 265 Mich App 463, 465; 696 NW2d 724 (2005).  Evidence is unfairly prejudicial where although it has marginal probative value, the jury may give it undue or preemptive weigh, *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371

-1-

(2011), or where it injects issues broader than defendant's guilt or innocence, *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005).

In issue is testimony by the primary police investigator on the case. He testified that officers were engaged in ongoing investigations of a series of bank robberies, including one at the same credit union robbed in the instant case. The investigator's testimony was not solicited as evidence of defendant's character to commit bank robberies. It was not implied that defendant acted in conformity with actions taken in these prior robberies. Indeed, it was not even suggested that defendant was a suspect in the other robberies. Rather, in response to a question about how long it took the investigating officer to arrive at the scene of the robbery, the officer explained that he responded quickly because of the recent burglaries. The prosecutor later established that the officer knew which homes and businesses in the area to consult for surveillance video because of the other investigations. Thus, the evidence was offered to provide context for both the police response and how part of the investigation was accomplished.

A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963 art 1, § 20. It encompasses the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). To establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. *LeBlanc*, 465 Mich at 578. Defendant here cannot establish that counsel acted unreasonably because an objection to the questioned evidence based on MRE 404(b) would have been without merit. *Unger*, 278 Mich App at 256-257; *McGhee*, 268 Mich App at 627.

Next, defendant argues that the evidence was insufficient to establish that he was the person who robbed the credit union. This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). We must view the evidence in the light most favorable to the prosecutor to ascertain whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). Direct and circumstantial evidence, as well as all reasonable inferences that may be drawn from it, are considered to determine whether the evidence was sufficient to support defendant's conviction. *Id*. at 428.

Identity is an element of every criminal charge. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). In this case, a participant in the planning and execution of the robbery, Darius Griffin, described defendant's participation in the robbery. Griffin also viewed surveillance videos and identified defendant as the person depicted exiting the vehicle, walking to the credit union, and then returning. Defendant argues that Griffin's testimony was not reliable because of a favorable plea bargain he received. Griffin was arrested for robbing the credit union and agreed to cooperate with law enforcement in exchange for a reduced charge of unarmed robbery with recommended sentence within the guidelines. The jury learned of Griffin's plea bargain and was thus able to assess his credibility in light of it. We will not interfere with the trier of fact's role in determining the credibility of witnesses. *Hardiman*, 466 Mich at 431; *Ericksen*, 288 Mich App at 197.

Additionally, two witnesses pointed out on a surveillance video that the person identified as defendant exited the vehicle involved in the robbery wearing a red T-shirt displaying a

particular phrase and then putting on a hooded sweatshirt. Bank employees stated the perpetrator of the robbery wore a hooded sweatshirt, and a search of defendant's registered address produced a T-shirt matching that seen in the video. The primary police investigator also testified that defendant's appearance matched the appearance of the passenger of a car pictured in a video obtained from a car wash near the credit union. Further, parole officer Denise Welhusen, testified she recognized defendant's face and his gait as he walked.

Defendant argues that Welhusen's testimony should have been excluded because she was his parole officer and her lay opinion about the identity of the person on the video was not helpful to the jury. But the Supreme Court has held that when reviewing the sufficiency of the evidence to convict a defendant, the reviewing court must consider all evidence admitted at trial, regardless of whether the evidence was properly admitted. See *McDaniel v Brown*, 558 US 120, 131; 130 S Ct 665; 175 L Ed 2d 582 (2010).[1]

Defendant also argues that the evidence was insufficient to convict him of bank robbery because the evidence did not demonstrate that the credit union was a federally insured bank. Because neither armed robbery nor the bank robbery statute requires proof of insured funds as a requisite element for conviction, we find this argument without merit.

Next, defendant argues that he was denied his right to confront a witness who told the police that the vehicle involved in the robbery was gray or silver, and prejudiced by double hearsay of an unnamed informant identifying defendant as the perpetrator. The main purpose of the Confrontation Clause is to ensure the reliability of the state's evidence by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact. *People v Sammons*, 191 Mich App 351, 356; 478 NW2d 901 (1991). Such testing is at the heart of the right of cross-examination, and defendants are guaranteed a reasonable opportunity to test the truth of a witness's testimony. *People v Adamski*, 198 Mich App 133, 138; 497 NW2d 546 (1993). A broad range of evidence may be elicited on cross-examination for the purpose of discrediting a witness. *Wischmeyer v Schanz*, 449 Mich 469, 474; 536 NW2d 760 (1995).

In *Crawford v Washington*, 541 US 36, 68; 124 S Ct 1354; 158 L Ed 2d 177 (2004), the United States Supreme Court held that the Confrontation Clause prohibits the admission of testimonial hearsay against a criminal defendant unless the declarant was unavailable and the defendant had a prior opportunity to cross-examine the declarant. Under *Crawford*, pretrial

---

[1] Defendant also argues that his right to confront witnesses against him was violated because he was not able to cross-examine Welhusen regarding possible bias. However, defendant was able to question Welhusen on relevant topics that avoided mention that she was defendant's probation officer, including be able to test the credibility of Welhusen's identification by questioning the extent of defendant's contact with her.

Moreover, even if defendant were denied his constitutional rights under the Sixth Amendment, reversal is not required if the error is harmless beyond a reasonable doubt. *People v McPherson*, 263 Mich App 124, 131-132; 687 NW2d 370 (2004). In light of the cross-examination that was permitted and the other identification evidence, including Griffin's testimony, any error was harmless beyond a reasonable doubt.

statements given where the declarant could reasonably expect that the statement would be used in a latter prosecution, such as statements taken by police investigators, constitute testimonial hearsay. *Id*. at 51-52; *People v Jambor*, 273 Mich App 477, 486-487; 729 NW2d 569 (2007).

Here, the primary police investigator's recollection of a statement a credit union customer provided regarding the color and style of the vehicle used in the robbery was testimonial hearsay because the declarant should expect that the statement would be used at trial. The witness was not cross-examined, and the trial court did not declare him unavailable. Similarly, defendant was denied an opportunity to subject to adversarial scrutiny statements from both an anonymous informant identifying defendant as having been involved in the robbery and the non-testifying police officer who received the tip.

We conclude, therefore, defendant's trial counsel should have objected to the admission of this testimony and was deficient in failing to do so. However, defendant has not shown that either the evidentiary errors or counsel's failure to object affected his substantial rights, i.e., the errors did not affect the outcome of the trial. See *Leblanc*, 465 Mich at 578 (defendant must show that counsel's errors were so serious as to deny him a fair trial and render the result unreliable); see also *McGhee*, 268 Mich App at 625. In this case, defendant's vehicle was independently identified from a surveillance video of a nearby car wash. Police recovered mail in a trash can at the car wash and a partial plate number from the surveillance video that also led to identification of the registered owner and address of the vehicle. Thus, there were other sources of identification of the vehicle presented to the jury. Similarly, evidence of an informant's tip identifying defendant as the perpetrator of the credit union robbery was harmless in light of the testimony of other witnesses that established defendant's involvement in the robbery.

Lastly, defendant argues that the prosecutor acted improperly in not providing him with exculpatory evidence. Defendant argues that the police initially had another suspect and failed to test material recovered from the car wash trash bin for fingerprints and DNA. The trash bin was located next to the car wash bay seen in surveillance videos, and the suspects in the video were seen discarding items, including a McDonald's bag and cup. A police officer found addressed mail in the McDonald's bag on top of the trash pile. This unpreserved argument is reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); *Unger*, 278 Mich App at 235.

The prosecutor's suppression of requested evidence favorable to an accused violates due process where the evidence is material to defendant's guilt, irrespective of the good or bad faith of the prosecution. *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963). A defendant's due process rights to discovery may be implicated where the defendant served a timely request on the prosecution and material evidence favorable to the accused is suppressed or where the defendant made only a general request for exculpatory information or no request and exculpatory evidence is suppressed. *People v Tracey*, 221 Mich App 321, 324-325; 561 NW2d 133 (1997). MCR 6.201(B)(1) requires the prosecuting attorney to provide each defendant any exculpatory information or evidence known to the prosecuting attorney.

Defendant's argument is based only on speculation.  He theorizes that if the cited tests were performed, they would have uncovered exculpatory evidence.  But he offers nothing to support this supposition beyond his mere protestations of innocence.

We affirm.


/s/ Donald S. Owens
/s/ Jane E. Markey
/s/ Deborah A. Servitto