# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 7, 2015

Plaintiff-Appellee,

v

No. 318678
Wayne Circuit Court
LC No. 13-004743-FC

NICOLE VANESSA MORRIS,

Defendant-Appellant.

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant appeals her jury trial convictions for armed robbery under MCL 750.529, and assault with a dangerous weapon under MCL 750.82. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In April 2013, defendant stole a bottle of wine from a party store in Detroit. When the store owner confronted her about her theft, and asked her to return the wine, defendant pulled out a box cutter and cut the owner's finger. The owner went to the hospital and received stitches for the cut.

The prosecution charged defendant with armed robbery pursuant to MCL 750.529, and assault with a dangerous weapon pursuant to MCL 750.82. At the beginning of her jury trial, defendant's lawyer asked the court to allow her to withdraw from the case, because of defendant's erratic behavior and apparent desire to be represented by a different attorney.[1] After

---

[1] Defendant's lawyer stated:

> Your Honor, I am asking this [c]ourt, even though it's the day of trial, that this [c]ourt allow me to withdraw from this case.
>
> I've had a lot of contact, via phone, with [defendant]. And it has been quite erratic. I've had different phone messages that have been—they've been all over the place, your Honor, in regards to my representation. And, this morning, as

-1-

concurring with defense counsel's observation that defendant had received full discovery,[2] the trial court denied the attorney's motion to withdraw, without analyzing defendant's relationship with the lawyer or her supposed reasons for wanting a new attorney. After trial, the jury convicted defendant of the charges.[3]

On appeal, defendant argues that the trial court erred when it denied defense counsel's motion to withdraw and did not allow defendant the opportunity to explain why she wanted a new attorney. She also asserts that her attorney gave her ineffective assistance.

## II. STANDARD OF REVIEW

A trial court's decision on the substitution of counsel is reviewed for an abuse of discretion, which occurs when the trial court's decision "falls outside the range of reasonable and principled outcomes." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011).

A trial court's decision to grant or deny a defendant's motion for a new trial is also reviewed for an abuse of discretion. *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012). "Whether a person has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *Id*. The trial court's findings of fact at a *Ginther* hearing are reviewed for clear error, and questions of constitutional law are reviewed de novo. *Id*.

## III. ANALYSIS

---

soon as I walked in, and in the last phone call that I had from [defendant], she said that she wanted me not to represent her as her attorney.

And I didn't know what the [c]ourt was going to say, because today is the date of trial. And had I known this before [the] final conference, I would have brought the motion before the [c]ourt, and I would have asked the [c]ourt to . . . to withdraw.

[2] Specifically, defendant complained that she had not seen video footage from the party store that the prosecution planned to use as evidence. (Defendant's attorney had seen the video numerous times before trial.) The trial court noted that defendant would have an opportunity to see the video before the prosecution presented its case, and, indeed, it permitted defendant and her attorney to watch the video prior to the prosecution's argument. Defendant's protestations on this matter are particularly unavailing, because the prosecutor and defense counsel expressly discussed the surveillance footage at the final conference, which took place approximately one month before trial.

[3] After the court sentenced her, defendant requested a new trial or resentencing, and claimed that the court sentenced her in accordance with inaccurate information. The trial court granted defendant's motion for resentencing, and held an evidentiary hearing on the matter pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973) in June 2014. At the end of the hearing, the trial court denied defendant's motion for a new trial, and found that defense counsel did not provide ineffective assistance.

## A. MOTION TO WITHDRAW

When we review "a trial court's decision to deny a defense attorney's motion to withdraw and a defendant's motion for a continuance to obtain another attorney," we look to the following factors to ascertain whether the decision constituted an abuse of discretion:

> (1) whether the defendant is asserting a constitutional right, (2) whether the defendant has a legitimate reason for asserting the right, such as a bona fide dispute with his attorney, (3) whether the defendant was negligent in asserting his right, (4) whether the defendant is merely attempting to delay trial, and (5) whether the defendant demonstrated prejudice resulting from the trial court's decision. [*People v Echavarria*, 233 Mich App 356, 369; 592 NW2d 737 (1999).]

It is important to note that indigent defendants are

> not entitled to have the attorney of [their] choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [*Strickland*, 293 Mich App at 397 (internal quotation marks and citations omitted).]

Accordingly, a defendant's mere allegation that he lacks confidence in his attorney is not good cause for the substitution of counsel. *People v Traylor*, 245 Mich App 460, 463; 628 NW2d 120 (2001).

Here, defendant unconvincingly argues that the trial court abused its discretion when it denied defense counsel's motion to withdraw, and did not allow defendant the opportunity to explain why she wanted a new attorney. There is no indication that "defendant ha[d] a legitimate reason" to request a new attorney. *Echavarria*, 233 Mich App at 369. Defense counsel's statement that defendant's communications with her had been "erratic," and defendant's claim that she had not seen the surveillance video before the morning of the trial do not show that a "bona fide dispute" or breakdown in the attorney-client relationship occurred between defendant and defense counsel. *Id*. Nor does it show a "legitimate difference of opinion develop[ed] between a defendant and [defense] counsel with regard to a fundamental trial tactic," *Strickland*, 293 Mich App at 397 (internal quotation marks and citations omitted).

Moreover, defendant's decision to ask for a new defense attorney on the morning of trial indicates that she was either negligent, or simply wanted "to delay trial." *Id*. Defense counsel indicated that she would have informed the court of defendant's interest in new representation at

an earlier date had defendant informed her of that interest.[4]  And, in any event, defendant has failed to demonstrate that the trial court's denial of her attorney's motion to withdraw prejudiced her in any way.  *Echavarria*, 233 Mich App at 369.  The trial court permitted defendant and defense counsel to watch the surveillance video together before the prosecution presented its case.[5]  And the prosecution also presented overwhelming evidence of defendant's guilt, including the surveillance video, and eyewitness testimony from the party-store owner and one of his employees.

Accordingly, the trial court did not abuse its discretion when it denied defense counsel's motion to withdraw because its decision did not "fall[] outside the range of reasonable and principled outcomes." *Strickland*, 293 Mich App at 393.

## B.  ASSISTANCE OF COUNSEL

The right to effective assistance of counsel during a criminal trial is guaranteed by the United States and Michigan constitutions.  US Const, Am VI; Const 1963, art 1, § 20.  Adequate representation is presumed, and defendant bears a heavy burden of showing otherwise.  *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012).  To demonstrate that defense counsel provided ineffective assistance, defendant must demonstrate that "(1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012).

"Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).  As with all ineffective assistance of counsel claims, a defendant must establish that he was prejudiced by defense counsel's lack of preparation.  *People v Caballero*, 184 Mich App 636, 640; 459 NW2d 80 (1990).  "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense,"[6] which is a defense that may have affected the outcome of the trial.  *Chapo*, 283 Mich App at 371.

A court may not substitute its own judgment for that of defense counsel or second-guess defense counsel on matters of trial strategy, as defense counsel has great discretion with respect to the trial tactics that he employs while trying a case.  *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Here, defendant says that her trial attorney gave her ineffective assistance because her attorney supposedly did not: (1) verify whether defendant actually had a prior conviction for

---

[4] The record contains no indication that defendant attempted to request another attorney prior to trial.  She did not send a letter to the court on the matter, nor did she send a letter to her attorney that asked the attorney to withdraw.

[5] As noted, defense counsel had already seen the video.  See n 2 supra.

[6] *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004).

receiving and concealing stolen property, which was listed in the felony information; and (2) adequately prepare for trial through her decision not to investigate, interview, or present witnesses who were present during the incident.

Defendant's arguments in each respect are unconvincing and distort the record. It is unclear whether defense counsel investigated the prior convictions alleged on defendant's felony information. However, her supposed failure to do so is inconsequential, because defendant cannot show that the outcome of her trial would have been different but for her attorney's conduct. *Heft*, 299 Mich App at 80-81. Again, the prosecution presented overwhelming evidence of defendant's guilt, and testimony from defendant, or an accurate felony information, would not have disproved or created doubt regarding the prosecution's case.

Regarding the presentation of witnesses, defense counsel explained at defendant's *Ginther* hearing that defendant did not provide her with any names of potential witnesses, but that she would have spoken with one purported witness, defendant's niece, had defendant mentioned the niece to her. However, defendant fails to establish that her attorney's failure to call her niece as a witness caused her prejudice. Defendant's niece did not witness anything that occurred inside the store. During the altercation, she faced defendant's back, and could not see whether defendant had a weapon in her hand, or used it to cut a victim. It is thus unlikely that the niece's testimony would have otherwise affected the outcome of the trial,[7] and defense counsel did not provide defendant with ineffective assistance. *Heft*, 299 Mich App at 80-81.

Affirmed.


/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Henry William Saad

---

[7] *Chapo*, 283 Mich App at 371.

-5-