# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL LANDERS,

Defendant-Appellant.

UNPUBLISHED
May 19, 2015

No. 320069
Wayne Circuit Court
LC No. 13-005323-FC

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of 1,000 or more grams of cocaine, MCL 333.7403(2)(a)(*i*), and possession with intent to deliver less than 5 kilograms of marijuana, MCL 333.7401(2)(d)(*iii*). Defendant was sentenced to 15 to 30 years for possession of cocaine and four to eight years for possession with intent to deliver marijuana. We affirm defendant's convictions but remand to the trial court for a determination of the factual basis for the court costs imposed.

## I. FACTUAL BACKGROUND

A Detroit Police Officer received a tip from a confidential informant that narcotics were being sold at a residence on Waltham Street in Detroit, Michigan. The officer proceeded to the location and observed the residence. He saw nine different men go into the house and leave only 10 to 15 seconds after initially entering. He also saw defendant come out of the house and walk onto the front porch. A man approached defendant and exchanged money for a small, palm-sized object. Believing this to be a narcotics transaction, the officer obtained a search warrant.

Several days later, police officers arrived at the residence to execute the search warrant. They entered the residence and discovered several people in the house. Three of the officers saw defendant leave the bathroom and enter the hallway. They searched him and found $201 on him and a key that fit the lock to the front door of the house. They also found an item of mail in the kitchen that was addressed to defendant at the house that was being searched.

During the search, the police officers also searched the bathroom and noticed that the lid of the toilet tank was askew. An officer lifted up the lid and discovered cocaine in the tank. It was separated into four large pieces in four plastic bags. The four plastic bags were all inside of one larger plastic bag. The street value of the cocaine was approximately $40,000. The police

-1-

also discovered marijuana in a cigar box on the kitchen table. The marijuana was packaged in Ziploc bags and plastic vials.

A friend of defendant's testified that he had purchased marijuana from defendant, but that he had never seen defendant sell or handle cocaine. Defendant testified that he did not live at the Waltham house and only sold marijuana from the house.[1] Defendant denied selling cocaine and disavowed any knowledge of the cocaine the police recovered from the house. He also testified that he let the police officers into the house, and that he did not come from the bathroom.

Defendant was convicted of possession of 1,000 or more grams of cocaine, MCL 333.7403(2)(a)(*i*), and possession with intent to deliver less than 5 kilograms of marijuana, MCL 333.7401(2)(d)(*iii*). Defendant now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

We review *de novo* a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (quotation marks and citations omitted). We resolve conflicts of the evidence in favor of the prosecution, "and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Circumstantial evidence and reasonable inferences arising therefrom can constitute sufficient proof of the elements of a crime. *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

### B. ANALYSIS

Defendant challenges only the sufficiency of the evidence for the possession of cocaine conviction. To prove that crime, the prosecution had to present sufficient evidence that defendant knowingly or intentionally possessed cocaine in a mixture that weighed at least 1,000 grams. MCL 333.7403(2)(a)(*i*).

"The element of possession in defendant's charge[] requires a showing of dominion or right of control over the drug with knowledge of its presence and character." *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003) (quotation marks and citation omitted). Possession can be actual or constructive, as well as joint or exclusive. *Id.* at 166. The central requirement is that the defendant exercised dominion or control over the substance. *Id.*

---

[1] Defendant testified that the mail found at the house was there because he was attempting to receive food stamps and Medicaid, and since his wife receives food stamps at what he claimed was his real residence, he was not able to use that address on his applications.

"Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance." *People v Cohen*, 294 Mich App 70, 76-77; 816 NW2d 474 (2011) (quotation marks and citation omitted). While mere presence may be insufficient to prove possession, "[c]lose proximity to contraband in plain view is evidence of possession." *Id.* at 77; *People v Echavarria*, 233 Mich App 356, 370; 592 NW2d 737 (1999).

There is sufficient evidence that defendant possessed the cocaine. Three police officers saw defendant exit the bathroom. They detained defendant when they entered the house and searched the bathroom. The police then noticed that the lid to the tank of the toilet was askew and they subsequently discovered a large amount of cocaine in the tank, separated into four plastic bags. Given defendant's exclusive presence in the bathroom with the cocaine when the police entered, and the suspiciously askew toilet lid, there was sufficient circumstantial evidence that defendant had knowledge of the drug's presence.

Further, there was sufficient evidence that defendant had the right to exercise dominion or control over the cocaine. Although there were several people in the house at the time of the search, they were in the kitchen. The cocaine was discovered in the tank of the toilet, immediately after defendant exited the bathroom. Additionally, the police discovered a letter in the house that was addressed to defendant at the residence.[2] Defendant also had a key on his person, which fit the lock of the front door of the house. Defendant's friend verified that defendant was at the house constantly, and defendant admitted that he sold marijuana out of the residence. Thus, there was sufficient evidence that defendant had the right to exercise dominion or control over the cocaine. Therefore, defendant's conviction is supported with sufficient evidence.

## III. COURT COSTS

### A. STANDARD OF REVIEW

Defendant next contends that the trial court improperly imposed court costs. This Court reviews de novo an issue of statutory interpretation. *People v Konopka*, __Mich App__; __NW2d__ (Docket No. 319913, issued March 3, 2015); slip op at 6.

### B. LEGAL BACKGROUND

Defendant contends that the trial court did not have the authority to impose costs in this case and that the costs imposed were arbitrary. We agree, in part.

At the time defendant committed the crimes and at his sentencing, MCL 769.1k provided that the court may impose "[a]ny cost in addition to the minimum state cost set forth in subdivision (a)." MCL 769.1k(1)(b)(*ii*). In interpreting this language, the Michigan Supreme

---

[2] Although defendant references other mail in the house, no other mail was entered into evidence, and a police officer testified that she believed the letter addressed to defendant was the only mail on the kitchen table.

Court in *People v Cunningham*, 496 Mich 145, 154; 852 NW2d 118 (2014), held that the statute "does not provide courts with the independent authority to impose 'any cost.' " *Id.* Rather, the Court found that trial courts are authorized "to impose only those costs that the Legislature has separately authorized by statute." *Id.*

Nevertheless, the Legislature subsequently passed 2014 PA 352, which amended the language of the statute. The amendment was given immediate effect as of October 17, 2014, which occurred during the pendency of this appeal. The statute now provides that the court may impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case[.]" MCL 769.1k(1)(b)(*iii*). Further, Enacting Section 1 of the amendment provides, "This amendatory act applies to all fines, costs, and assessments ordered or assessed under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before June 18, 2014, and after the effective date of this amendatory act." Enacting Section 2 provides, "This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in People v Cunningham, 496 Mich 145 (2014)."

In *Konopka*, we addressed the impact of the amendments in the context of *Cunningham*, and most notably the added language in MCL 769.1k(1)(b)(*iii*). We concluded that the amended statute applies in cases pending on appeal when the amendment was adopted, and when the costs and assessments were incurred before June 18, 2014. *Konopka*, __ Mich App at__; slip op at 6. We also recognized that "[w]hen a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly." *Id.*; slip op at 6 (quotation marks and citations omitted).[3]

Ultimately, we concluded that "[t]he amended version of MCL 769.1k(1)(b)(*iii*) provides for an award of certain costs that are *not* independently authorized by the statute for the sentencing offense[.]" *Konopka*, __ Mich App at __; slip op at 6 (emphasis in original). In other words, we found that the MCL 769.1k(1)(b)(*iii*) authorizes trial courts to impose costs independent of the statute for the sentencing offense. *Id.* at __; slip op at 7.

However, we also found that the trial court in *Konopka* "did not establish a factual basis" for the fee imposed in that case. *Id.* at __; slip op at 8. Thus, we were unable to "determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769.1k(1)(b)(*iii*)." *Id.* at __; slip op at 7-8. We explained that even though the trial court need not separately calculate the costs involved in a particular case, "defendant should be given the opportunity to challenge the reasonableness of the costs below" and the trial court should "establish a factual basis" for the costs imposed. *Id.* at __; slip op at 2, 8. Because the trial court failed to do that, we remanded for the trial court to establish a factual basis for the costs imposed in that case. *Id.* at __; slip op at 8.

---

[3] We also found that the amendments did not violate the separation of powers, equal protections, substantive due process, or the ex post factor clauses. *Id.* at __; slip op at 8-16.

## C. APPLICATION IN THIS CASE

In light of *Konopka, supra,* we find that the trial court had the authority to impose costs in this case. However, defendant also contends that the court costs were arbitrary. The trial court did not explain the factual basis for the court costs imposed and it is not clear from the record whether the court costs were reasonably related to the actual costs of this case. See *Konopka*, ___ Mich App at ___; slip op at 6-7.

Thus, as in *Konopka*, this Court is unable to "determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769.1k(b)(*iii*)" and defendant "should be given the opportunity to challenge the reasonableness of the costs below." ___ Mich App at ___; slip op at 8, citing *People v Sanders*, 296 Mich App 710, 715; 825 NW2d 87 (2012). Accordingly, we remand this case "to the trial court for further proceedings to establish a factual basis for the . . . costs imposed, under MCL 769.1k(1)(b)(*iii*), or to alter [the amount imposed], if appropriate." *Konopka*, ___ Mich App at ___; slip op at 8.

## IV. CONFRONTATION CLAUSE

## A. STANDARD OF REVIEW

In his Standard 4 brief, defendant contends that he was denied a fair trial and the right to confront a witness against him when a police officer testified that he found out about the narcotic sales from a confidential informant. Because defendant did not object to the officer's testimony at trial, these challenges are unpreserved. *People v Henry (After Remand)*, 305 Mich App 127, 152; 854 NW2d 114 (2014). Our review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764-765; 597 NW2d 130 (1999).

## B. ANALYSIS

The disputed evidence regarding the confidential informant was solicited during the direct examination of a police officer, in the following exchange:

*Q*. How did you know to go to that location?

*A*. I received information from a confidential informant of narcotics being sold out of that location.

*Q*. Do you recall about what time you got that information, was that the same day or a different day?

*A*. That was a different day.

Then, during cross-examination, the officer testified as follows:

*Q*. And with regard to your confidential informant which was the basis of -- other than your observations also the basis of your affidavit, correct?

*A*. Yes.

Lastly, during closing argument, the prosecution stated:

> Now let's talk about the facts in this case. [The police officer] got information that drugs were -- that a drug location was going on at this address. He goes to the address on Waltham Street and within 45 minutes he sees seven, I believe he said seven narcotics transactions, seven or nine narcotics transactions.

> He's an experienced officer and he knew what he was seeing there. He goes and he gets a search warrant. He gets a search warrant, they come back and they execute the search warrant. . . .

"The Confrontation Clause of the United States Constitution provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted by the witnesses against him[.]' The Michigan Constitution also affords a defendant this right of confrontation." *Henry (After Remand)*, 305 Mich App at 153 (internal quotation omitted). Generally, a testimonial statement may not be introduced against the accused at trial unless the witness is unavailable and the defendant had a prior opportunity to confront the witness. *Id.* A statement from a confidential informant to the police generally is a testimonial statement. *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610, 616 (2007). However, if the out-of-court testimonial statement is offered for purposes other than establishing the truth of the matter asserted, then the Confrontation Clause does not bar the use of that statement at trial. *Id.* at 10-11. "Thus, a statement offered to show the effect of the out-of-court statement on the hearer does not violate the Confrontation Clause. Specifically, a statement offered to show why police officers acted as they did is not hearsay." *Id.* at 11.

Here, the evidence properly was confined to the officer's explanation of why he proceeded to the house that was the subject of the search warrant and the reason for conducting his own surveillance of the residence. No further detail was solicited or offered regarding the confidential informant. Moreover, the prosecution's reference to the confidential informant during closing argument only communicated that the informant provided the basis for the surveillance of the residence. Thus, the evidence was appropriately "limited to show why [the officer] proceeded in a certain direction with his investigation." *Henry (After Remand)*, 305 Mich App at 15. Defendant was not denied his right to be confronted with the witness against him. *Chambers*, 277 Mich App at 10-11.[4]

Furthermore, defendant has not shown that any error was outcome determinative. Defendant admitted that he was a marijuana dealer, and marijuana packaged for sale was confiscated from the house. The marijuana weighed 29.34 grams. Thus, there was overwhelming evidence of defendant's guilt with regard to possession with intent to deliver less than 5 kilograms of marijuana.

---

[4] Although defendant claims that these "statements" were hearsay, it is not clear what statements he is referring to, as the officer did not actually divulge any specific statements the confidential informant may have given. Moreover, because any such statements were not offered for the truth of the matter asserted, defendant's argument is meritless.

In regard to the cocaine conviction, the officers saw defendant leave the bathroom immediately upon their entry to this house. When they searched the bathroom, police discovered that the lid to the toilet tank was askew, and a significant amount of cocaine was in the tank. The cocaine weighed 1,335.28 grams. Defendant had a key to the house, and his mail was discovered with the residence's address. In addition, evidence from the confidential informant did not in any way implicate defendant. In fact, the confidential informant merely informed the police that *someone* was selling drugs at the house. In light of the significant evidence of defendant's guilt, and the relatively limited inculpatory evidence derived from the confidential informant, we cannot say that any error in the admission of the latter was outcome determinative. *Carines*, 460 Mich at 763.

We also find that any objection to this evidence would have been futile. Defense counsel is not ineffective for failing to raise a futile objection or advance a meritless position. *Ericksen*, 288 Mich App at 201. Thus, defendant is not entitled to relief based on a claim of ineffective assistance of counsel.

## V. CONCLUSION

Defendant's convictions were supported with sufficient evidence, and the admission of evidence regarding the confidential informant did not violate his right to a fair trial or to confront the witnesses against him. However, consistent with *Konopka, supra*, we remand this case for further proceedings to establish the factual basis for the amount of court costs imposed. MCL 769.1k(1)(b)(*iii*). We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood