# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

UNPUBLISHED
March 8, 2016

v

No. 324388
Washtenaw Circuit Court

MELVIN EARL HOWARD,

LC No. 13-001442-FH

       Defendant-Appellant.

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

O'BRIEN, J. (*concurring*).

I fully concur in the majority opinion. I write separately to offer further rationale for affirming defendant's conviction and sentence in this case.

It is undisputed that "the prosecution has an affirmative duty to correct false testimony[.]" *People v Smith*, 498 Mich 466, 476; 870 NW2d 299 (2015). It is equally undisputed that "the general rule permitting the prosecution only one opportunity to obtain a conviction must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *People v Lett*, 466 Mich 206, 215; 644 NW2d 743 (2002) (citations and internal quotation marks omitted). "When a mistrial is declared, retrial is permissible under the double jeopardy principles where manifest necessity required the mistrial . . . and the mistrial was caused by innocent conduct on the party of the prosecutor or judge, or by factors beyond their control." *People v Echavarria*, 233 Mich App 356, 363; 592 NW2d 737 (1999). Whether a mistrial was manifestly necessary is anything but a bright-line inquiry. See *Lett*, 466 Mich at 215-223. Rather, it is highly dependent upon the facts and circumstances that are present before the trial court in each case. It is clear that, as a reviewing court, we are not determining whether we would have concluded that a mistrial was strictly necessary. *Id.* at 218-220. Instead, we are determining only "whether the trial court *abused its discretion* in" concluding whether there was "a 'high degree' of necessity" for declaring a mistrial." *Id.* (citations omitted). Under the unique facts and circumstances of this case, I would conclude that it did not.

Here, the prosecution fulfilled its affirmative duty to correct false testimony. *Smith*, 498 Mich at 476. It is clear from the record that the false testimony was the product of innocent conduct on behalf of the prosecution and judge. *Echavarria*, 233 Mich App at 363. Then, after a thorough effort by the trial court to avoid declaring a mistrial, including an in-chambers discussion with the attorneys, a warning to the witness that she would be held in contempt if her

-1-

uncooperative behavior continued, a bench conference, and an on-the-record discussion, the trial court concluded that a mistrial was manifestly necessary because witness's uncooperative behavior, which included undisputedly false testimony, "taint[ed] the jury" with respect to the victim *and the defendant*. While I certainly can respect defendant's argument that options other than a mistrial were available to the trial court, that is not the appropriate inquiry, and I simply cannot conclude that the trial court's decision, under the unique facts and circumstances of this case, constituted an abuse of discretion. *Lett*, 466 Mich at 218-220. Accordingly, I would also hold that the trial court did not abuse its discretion in concluding that a mistrial was manifestly necessary in this case. Relatedly, in light of this conclusion, I would further hold that any objection by defense counsel would have been frivolous for the same reasons. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004) ("Counsel is not ineffective for failing to make a futile objection.").


/s/ Colleen A. O'Brien