# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 23, 2017

Plaintiff-Appellant,

v

No. 331604
Wayne Circuit Court
LC No. 15-006767-01-FH

BOBBY LEWIS FARLEY II,

Defendant-Appellee.

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

The prosecution appeals by right the trial court's dismissal with prejudice of the charge against defendant following a mistrial. Defendant was charged with fourth-degree arson of personal property with a value of between $1,000 and $20,000, MCL 750.75(1)(a)(*i*). During the prosecutor's examination of the complainant at trial, the officer in charge made an outburst toward defendant that the trial court subsequently confirmed was heard by the jury. The trial court granted a defense motion for a mistrial and confirmed with defendant personally that he consented to the mistrial. The trial court subsequently ruled that double jeopardy precluded retrying defendant, so it dismissed the case. We reverse and remand.

Whether double jeopardy bars a retrial is a question of constitutional law, which this Court reviews de novo. *People v Lett*, 466 Mich 206, 212; 644 NW2d 743 (2002). Both the federal and Michigan constitutions prohibit a defendant from twice being placed in jeopardy for the same offense. US Const, Ams V, XIV; Const 1963, art 1, § 15; *People v Echavarria*, 233 Mich App 356, 362; 592 NW2d 737 (1999). However, a retrial is not barred on double jeopardy grounds where the defendant requests or consents to a mistrial, unless the prosecutor engaged in conduct that was intended to provoke or goad the defendant into requesting the mistrial. *Lett*, 466 Mich at 215. In *People v Dawson*, 431 Mich 234, 257; 427 NW2d 886 (1988), our Supreme Court explained:

> Retrials are an exception to the general double jeopardy bar. Where a mistrial results from apparently innocent or even negligent prosecutorial error, or from factors beyond his control, the public interest in allowing a retrial outweighs the double jeopardy bar. The balance tilts, however, where the judge finds, on the basis of the "objective facts and circumstances of the particular case," that the

-1-

prosecutor intended to goad the defendant into moving for a mistrial. [Citations omitted.]

"Where a defendant's motion for mistrial is prompted by intentional prosecutorial conduct, however, the defendant may not, by moving for a mistrial, have waived double jeopardy protection." *Id*. at 253.

The misconduct here was not attributable to the prosecutor. It was the officer-in-charge's unanticipated outburst that necessitated the motion, and there is nothing to suggest that the prosecutor contributed to or could have prevented the outburst. Similarly, if a police officer volunteers prejudicial information beyond the scope of a prosecutor's question, that will not bar a retrial where the prosecutor's conduct did not provoke or cause the response. See *People v Tyson*, 423 Mich 357, 370-373; 377 NW2d 738 (1985).

Where the motion for mistrial was made by defense counsel, or with his consent, and the mistrial was caused by innocent conduct of the prosecutor or judge, or by factors beyond their control, or by defense counsel himself, retrial is also generally allowed, on the premise that by making or consenting to the motion the defendant waives a double jeopardy claim. [*Dawson*, 431 Mich at 253 (citation omitted).]

Because the prosecutor did not contribute to the circumstances that necessitated defendant's motion for a mistrial, and defendant consented to a mistrial by moving for the same, double jeopardy did not bar defendant from being retried. The trial court erred in dismissing the case on double jeopardy grounds.

Reversed and remanded for reinstatement of the charge against defendant. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle