# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY TYRONE BROWN,

        Defendant-Appellant.

UNPUBLISHED
September 13, 2018

No. 337223
Wayne Circuit Court
LC No. 16-008996-01-FC

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b), and one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to concurrent prison terms of 18 to 40 years for each CSC-I conviction, and 12-1/2 to 22-1/2 years for the CSC-III conviction. We affirm.

Defendant was convicted of sexually abusing his stepdaughter. According to the victim, the abuse occurred at the family home in Detroit on numerous occasions from 2003 to 2008, when she was a teenager. The victim lived in the home with defendant, her mother, and several siblings. The victim did not disclose the abuse to her mother while she was living in the home. In 2013, the victim, who was then living independently of defendant and her mother, decided to report the sexual assaults to the police.

## I. JUDICIAL DISQUALIFICATION

Defendant first argues that the trial judge erroneously failed to disqualify himself from this case to avoid the appearance of impropriety. We disagree.

The victim's complaint was investigated and prosecuted by the state Attorney General's office. The case was assigned to Wayne Circuit Court Judge Paul John Cusick shortly after he was appointed as a judge. Before his appointment, Judge Cusick served as an assistant attorney general, but he had no involvement with or knowledge of defendant's case. Defendant moved to disqualify Judge Cusick under MCR 2.003(C)(1)(e), which provides that a judge is disqualified from hearing a case if "[t]he judge was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years." Judge Cusick determined that this

-1-

rule did not apply to his former position with the Attorney General's office, and citing his lack of involvement with or knowledge of defendant's case, denied defendant's motion. Defendant now argues that Judge Cusick erred in denying his motion for disqualification because disqualification was required under MCR 2.003(C)(1)(b).

Generally, when reviewing a trial court's decision on a motion for disqualification, "the trial court's findings of fact are reviewed for an abuse of discretion, while the application of the facts to the relevant law is reviewed de novo." *People v Wells*, 238 Mich App 383, 391; 605 NW2d 374 (1999). In this case, however, defendant did not move for disqualification under MCR 2.003(C)(1)(b) in the trial court.[1] In addition, he failed to request referral of his motion to the chief judge after Judge Cusick denied the motion. Therefore, defendant's appellate argument is unpreserved. MCR 2.003(D)(3)(a)(*i*); *Sinicropi v Mazurek*, 273 Mich App 149, 176 n 15; 729 NW2d 256 (2006). Unpreserved issues are reviewed for plain error affecting the party's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

MCR 2.003(C)(1)(b) provides that a judge is disqualified from hearing a case if

[t]he judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

Defendant argues that Judge Cusick should have recused himself pursuant to MCR 2.003(C)(1)(b) because his prior and recent association with the Attorney General's office created an appearance of impropriety under Canon 2 of the Michigan Code of Judicial Conduct, which provides:

Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. A judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions on conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.

Defendant argues that Judge Cusick's previous association with the Attorney General's office, the same office that was prosecuting his case, raised sufficient suspicions of impropriety to mandate recusal in order to protect his right to due process under the federal and state Constitutions. US Const, Am XIV; Const 1963, art 1, § 17. We disagree.

"Under MCR 2.003(C)(1)(b), the test for determining whether there is an appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is

---

[1] On appeal, defendant does not argue, as he did in the trial court, that disqualification was required under MCR 2.003(C)(1)(e).

impaired." *Kern v Kern-Koskela*, 320 Mich App 212, 232; 905 NW2d 453 (2017). In this case, Judge Cusick and the prosecutor both stated on the record that Judge Cusick had no involvement in defendant's case during his term as a prosecutor with the Attorney General's office, nor did he ever discuss the case with the prosecutor. Because Judge Cusick had no personal or professional connection with defendant, or stake in the outcome of defendant's trial, defendant has failed to establish any objective or reasonable basis for perceiving that Judge Cusick's prior association with the Attorney General's office would impair his ability to carry out his judicial responsibilities with integrity, impartiality, and competence. Therefore, we reject this claim of error.

## II. EXCLUSION OF EVIDENCE

Defendant next argues that the trial court erred by denying his motion to admit evidence that the victim was treated for sexually transmitted diseases (STD) during the period that the alleged sexual assaults occurred. Defendant averred that this evidence was relevant to the credibility of the victim's allegations because neither he nor the victim's mother contracted any STDs. Defendant's offer of proof consisted of his and the victim's mother's medical records, and their testimony that they accompanied the victim to medical appointments for treatment of STDs. The trial court declined to admit this evidence, ruling that it was precluded by the rape-shield statute, MCL 750.520j. Defendant now argues that the trial court erred in denying his motion to admit this evidence, and he further contends that exclusion of the evidence violated his constitutional right of confrontation.

"This Court reviews de novo both constitutional claims and preliminary questions of law regarding admissibility of evidence." *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014). The trial court's "ultimate decision regarding admissibility of evidence" is reviewed for an abuse of discretion. *Id*. A trial court abuses its discretion when its decision "is outside the range of principled outcomes." *Id*. However, defendant did not argue below that the exclusion of the evidence in question violated his rights under the Confrontation Clause. Therefore, defendant's constitutional claim is unpreserved. We review unpreserved issues for plain error affecting substantial rights. *People v Moorer*, 262 Mich App 64, 68; 683 NW2d 736 (2004). To be entitled to relief under the plain-error rule, a party must demonstrate (1) than an error occurred; (2) that the error was plain; and (3) that the plain error affected the party's substantial rights.

The rape-shield statute, MCL 750.520j, provides:

(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

(a) Evidence of the victim's past sexual conduct with the actor.

(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

(2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof. The court may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the judge may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1).

The rape-shield statute excludes from admission at trial irrelevant "evidence of the victim's sexual conduct with persons other than defendant." *People v Arenda*, 416 Mich 1, 10; 330 NW2d 814 (1982). The exception in § 520j(1)(b) for evidence of "sexual activity showing the source or origin of semen, pregnancy, or disease" does not apply to the evidence defendant sought to introduce in this case, because neither the prosecutor nor defendant sought to introduce evidence to show the source of disease. Instead, defendant intended to introduce the purported evidence in an effort to attack the victim's credibility. In short, if defendant had sexually assaulted the victim as described, he would have contracted the victim's alleged STDs.

Defendant further argues, however, that regardless of the rape-shield statute, he had a constitutional right under the Confrontation Clause to introduce the evidence of the victim's treatment for STDs. The Confrontation Clauses of "[b]oth the United States and Michigan constitutions guarantee a criminal defendant the right to confront the witnesses against him or her." *People v Garland,* 286 Mich App 1, 10; 777 NW2d 732 (2009), citing US Const, Am VI; Const 1963, art 1, § 20. In limited circumstances, evidence that is not admissible under the rape-shield statute may be relevant and admissible to preserve a defendant's Sixth Amendment right of confrontation. *People v Hackett*, 421 Mich 338, 348; 365 NW2d 120 (1984); 348; *People v Benton*, 294 Mich App 191, 197-198; 817 NW2d 599 (2011). A primary interest secured by the Confrontation Clause is the right of cross-examination, which guarantees a defendant a "reasonable opportunity to test the truth of a witness' testimony." *People v Adamski*, 198 Mich App 133, 138; 497 NW2d 546 (1993) (citations omitted); see also *Hackett*, 421 Mich at 347. The credibility of witnesses is critical and always relevant. *Powell v St John Hosp*, 241 Mich App 64, 72; 614 NW2d 666 (2000); *People v Mumford*, 183 Mich App 149, 152; 455 NW2d 51 (1990). In *Duenaz*, 306 Mich App at 91-92, this Court observed that "[b]ecause the [rape-shield] statute excludes evidence that in most cases would be only minimally relevant, the statute's prohibitions do not deny or significantly diminish a defendant's right of confrontation." Evidence that does not fall within one of the statutory exceptions "may nevertheless be relevant and admissible to preserve a defendant's constitutional right of confrontation" in limited circumstances. *Id*. at 93. In exercising its discretion to admit or exclude evidence under the rape-shield statute, "the trial court should be mindful of the significant legislative purposes underlying the rape-shield statute and should always favor exclusion of evidence of a complainant's sexual conduct where its exclusion would not unconstitutionally abridge the defendant's right to confrontation." *Hackett*, 421 Mich at 349.

Defendant has not demonstrated that evidence of the victim's STDs legitimately served his right to confrontation. Defendant's offer of proof was not sufficient to establish that non-transmission of STDs to defendant and the victim's mother was material to the credibility of the victim's claims that defendant sexually assaulted her. Defendant's evidence did not include any specific information regarding which STDs the victim allegedly had, when she had them, or the female-to-male transmission rates of the diseases. Without this information, defendant's evidence amounted to nothing more than establishing that the victim had STDs at some point in time, while defendant denied that either he or the victim's mother had STDs. Admitting this sort of evidence would imply to the jury that the victim was sexually active without logically disproving or undermining the victim's credibility. Consequently, the trial court's exclusion of this evidence did not violate defendant's Confrontation Clause rights.

## III. SUBSTITUTION OF COUNSEL

Third, defendant argues that the trial court erred by denying his retained attorney's motion to withdraw in order to permit defendant to pursue new legal counsel. We disagree.

We review for an abuse of discretion a trial court's decision regarding substitution of counsel, *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001), as well as "a trial court's exercise of discretion affecting a defendant's right to counsel of choice." *People v Akins*, 259 Mich App 545, 556-557; 675 NW2d 863 (2003) (citation omitted). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *People v Daniels*, 311 Mich App 257, 265; 874 NW2d 732 (2015). To the extent that this issue presents a constitutional question, review is de novo. *Id*.

The federal and state constitutions grant the right to counsel in all criminal prosecutions. US Const, Am VI; Const 1963, art 1, § 20; *People v Marsack*, 231 Mich App 364, 372; 586 NW2d 234 (1998). The right to counsel includes the right to counsel of one's choice, and "[a] defendant who can afford to retain counsel on his own cannot have that right restricted by the courts." *People v Portillo*, 241 Mich App 540, 542-543; 616 NW2d 707 (2000). However, this right is not absolute. "A balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice is done in order to determine whether an accused's right to choose counsel has been violated." *Akins*, 259 Mich App at 557.

In *People v Echavarria*, 233 Mich App 356, 368; 592 NW2d 737 (1999), the defendant argued that the trial court violated his right to be represented by the counsel of his choice by denying his motion for continuance on the first day of trial. The defendant was in his second trial, because the first trial culminated in a mistrial. *Id*. at 358. The defendant was represented by two attorneys, Wright Blake and Karrie Mitchell, but Blake, the attorney who the defendant preferred, could not appear due to a schedule conflict. Mitchell moved to withdraw. *Id*. at 368-369. The defendant indicated that he wanted to be represented by only one attorney because in his first trial, the prosecutor attempted "to portray him as a 'big drug dealer' because he could afford two attorneys." *Id*. at 369. This Court held:

> When reviewing a trial court's decision to deny a defense attorney's motion to withdraw and a defendant's motion for a continuance to obtain another attorney,

we consider the following factors: (1) whether the defendant is asserting a constitutional right, (2) whether the defendant has a legitimate reason for asserting the right, such as a bona fide dispute with his attorney, (3) whether the defendant was negligent in asserting his right, (4) whether the defendant is merely attempting to delay trial, and (5) whether the defendant demonstrated prejudice resulting from the trial court's decision. [*Id.*]

This Court concluded that although the defendant asserted his constitutional right to counsel, he did not have a "bona fide reason for asserting that right," such as a dispute between the defendant and attorney. The Court further held that the defendant was negligent in asserting this right because he waited until the first day of the second trial. *Id.* at 369-370. The Court also found that the trial court "was convinced that the motion to withdraw was another delaying tactic on defendant's part," and that this belief was not erroneous. Accordingly, this Court concluded that the trial court did not abuse its discretion in denying the attorney's motion to withdraw. *Id.* at 370.

In this case, defendant did not formally request a continuance, but a continuance likely would have been necessary because trial was less than a week away and defendant did not indicate that he had another attorney who was prepared to handle the case. Indeed, defendant never indicated whether it was his desire to retain new counsel or seek appointed counsel. Defendant did not identify a bona fide dispute with his attorney. He merely stated that there had been "just a breakdown in communication, that's all it was." The trial court reasonably believed that defendant was attempting to delay trial, given that he was attempting to replace his fourth attorney and his effort to obtain new representation within a week before trial "ha[d] been a pattern . . . in this case." Defendant also has not demonstrated prejudice resulting from the trial court's denial of counsel's motion to withdraw. Counsel had been retained for two months, and there is no indication that counsel was unprepared for trial. Moreover, the court questioned defendant regarding his perception and understanding of counsel's competence to handle the case. Defendant agreed that counsel was "a very experienced attorney," with experience in criminal sexual conduct cases, and she was "a very effective advocate" and "a good lawyer." Under these circumstances, the trial court did not abuse its discretion in denying defense counsel's motion to withdraw. The trial court's denial did not infringe upon defendant's constitutional right to counsel.

We reject defendant's argument that the trial court failed to adequately inquire into his dissatisfaction with counsel. Defendant cites authorities pertaining to a trial court's obligation to question an indigent defendant regarding a request for substitute appointed counsel. An indigent defendant is entitled to substitute counsel if discharge of the first attorney is for (1) good cause and (2) does not unreasonably disrupt the judicial process. *People v Buie (On Remand),* 298 Mich App 50, 67; 825 NW2d 361 (2012). "Good cause may exist when a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic, when there is a destruction of communication and a breakdown in the attorney-client relationship, or when counsel shows a lack of diligence or interest." *People v McFall*, 309 Mich App 377, 383; 873 NW2d 112 (2015) (citation and quotation marks omitted). "A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause. Likewise, a defendant's general unhappiness with counsel's representation is insufficient." *Id.* at 383 (citation and quotation marks omitted). A

trial court is obligated to inquire about the truth of a defendant's allegations that there is a dispute which has led to the destruction of communication and a breakdown in the attorney-client relationship. *People v Bass*, 88 Mich App 793, 802; 279 NW2d 551 (1979). To the extent that the trial court was obligated to inquire into defendant's reasons for wanting to pursue new counsel, the record does not support defendant's claim that the court failed to do so. On the contrary, after hearing from defense counsel and the prosecutor, the trial court asked defendant, "Do you have anything to add to that?" Defendant responded by stating, "It was just a breakdown in communication; that's all it was." Upon further questioning, the court elicited defendant's agreement that defense counsel was "a very experienced attorney," had experience in criminal sexual conduct cases, and she was "a very effective advocate" and "a good lawyer." The court's questions to defendant were sufficient, and defendant did not establish good cause or a disagreement regarding a fundamental trial tactic.

## IV. ADMISSION OF OTHER-ACTS EVIDENCE

Defendant argues that the introduction of evidence that he was domestically violent toward the victim and the victim's mother denied him a fair trial. Defendant argues that this evidence was inadmissible under MRE 404(b)(1). We disagree.

Defendant did not object to the admission of this evidence at trial. Therefore, this issue is unpreserved. Thus, our review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

"The general rule under MRE 404(b) is that evidence of other crimes, wrongs, or acts is inadmissible to prove a propensity to commit such acts." *People v Denson*, 500 Mich 385, 397; 902 NW2d 306 (2017). "At its essence, MRE 404(b) is a rule of inclusion, allowing relevant other acts evidence as long as it is not being admitted solely to demonstrate criminal propensity." *People v Dixon-Bey*, 321 Mich App 490, 517; 909 NW2d 458 (2017). "Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character." *People v Mardlin*, 487 Mich 609, 615; 790 NW2d 607 (2010) (emphasis in original). "Stated another way, the rule is not exclusionary, but it is inclusionary, because it provides a nonexhaustive list of reasons to properly admit evidence that may nonetheless also give rise to an inference about the defendant's character." *Id*. In *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), our Supreme Court articulated the following four-pronged standard for the admission of other-acts evidence under MRE 404(b)(1):

First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury.

In this case, the evidence of defendant's domestic violence was relevant to explain why the victim delayed disclosing the sexual abuse during the period that it was occurring, and to explain why the victim's mother, who was still married to defendant, remained fearful of defendant and was unwilling to support the victim's allegations. MRE 401. These were proper, noncharacter purposes for introducing the evidence of defendant's domestic violence. Further, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Defendant argued that the victim's failure to report the abuse when it allegedly was occurring undermined the credibility of her allegations. The evidence of defendant's domestic violence was highly probative of why the victim would be reluctant to disclose the abuse, and why her mother would side with defendant over the victim. In addition, evidence that defendant was prone to be domestically violent was not unfairly prejudicial in a trial involving much more serious allegations of sexual abuse against a stepdaughter. Furthermore, defendant attempted to use the domestic violence evidence to his advantage by eliciting  testimony from the victim's mother that she often called the police and others to report defendant's violence, thereby refuting the prosecution's theory that the victim's mother was siding with defendant and against the victim because she continued to be under defendant's control. Lastly, defendant never requested a limiting instruction.  In sum, defendant has not demonstrated that the evidence was inadmissible under MRE 404(b)(1).

Defendant complains that the prosecutor failed to comply with MRE 404(b)(2), which provides a procedure for the introduction of other-acts evidence under MRE 404(b)(1):

> The prosecution in a criminal case shall provide written notice at least 14 days in advance of trial, or orally on the record later if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence.  If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination.

Defendant did not object to the domestic violence testimony below based on a lack of notice or any other basis.  There is no indication that defendant was surprised by the evidence or unprepared to meet it and, indeed, even used the testimony to his own advantage.  Under these circumstances, the lack of notice did not affect defendant's substantial rights.

## V.  DEFENDANT'S STANDARD 4 BRIEF

Defendant also raises additional issues in a pro se supplemental brief, filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4.  However, we do not find any to be meritorious.

## A. VENUE

Defendant first argues in his Standard 4 brief on appeal that venue in Wayne County either was improper or not established. We disagree.

Because defendant did not raise any issue concerning venue in the trial court, this issue is unpreserved and our review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

"The general venue rule is that defendants should be tried in the county where the crime was committed." *People v McBurrows*, 322 Mich App 404, 411; 913 NW2d 342 (2017) (citation and quotation marks omitted), lv pending. Defendant was prosecuted in Wayne County. At trial, the victim testified that all of the charged offenses occurred at a house on 25th Street, in the city of Detroit. Accordingly, there is no merit to defendant's argument that the prosecutor failed to establish the location of the crimes. Further, because Detroit is in Wayne County, Wayne County was the proper venue for defendant's trial.

Although the prosecution presented evidence that defendant committed an additional sexual assault in a hotel room in Southfield, which is in Oakland County, defendant was not charged with that act. The prosecutor introduced the testimony of the hotel incident pursuant to MCL 768.27a ("in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant"). Because the Oakland County offense was not a basis for the charges for which defendant stood trial in Wayne County, there was no error concerning venue.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also raises claims of ineffective assistance of counsel, however we do not find defendant's claim to have merit.

Because defendant did not raise these claims in a motion for a new trial or request for a *Ginther*[2] hearing in the trial court, this Court's review is limited to errors apparent on the record. *People v Jackson (On Reconsideration)*, 313 Mich App 409, 431; 884 NW2d 297 (2015). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). To establish ineffective assistance of counsel, defendant must show that "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial could have been different." *Id.* at 188 (citations omitted). "This Court does not second-guess counsel on trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017). Defendant

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

"bears the burden of establishing the factual predicate for his claim." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (quotation marks and citation omitted).

Defendant first argues that defense counsel was ineffective for failing to call witnesses and present evidence on his behalf. We disagree.

"Trial counsel is presumed to have been effective, and defendant must prove otherwise." *People v Blevins*, 314 Mich App 339, 351; 886 NW2d 456 (2016). Decisions regarding which witnesses to call, and how to question witnesses, are presumed to be matters of trial strategy. *Jackson*, 313 Mich App at 432. Defense counsel's failure to present certain evidence does not constitute ineffective assistance of counsel unless defendant was deprived of a substantial defense. *Id*. "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

Defendant states that trial counsel was ineffective for failing to interview or call any of 14 witnesses who he claims could have provided favorable testimony. Although defendant states that these witnesses' affidavits are attached to his Standard 4 brief, there are no affidavits attached to this brief. Defendant does not otherwise provide any information identifying these witnesses or indicating what testimony they could have provided. Accordingly, there is no basis for determining that failure to call these witnesses was objectively unreasonable, or deprived defendant of a substantial defense.

Defendant also argues that trial counsel should have photographed his penis to prove that the victim inaccurately described it as having "discoloration" at the top. There is no record evidence that counsel failed to investigate this claim, and defendant has not presented any evidence to substantiate his claim that the victim's description was inaccurate. Defendant also states that he asked counsel to file motions on his behalf, but he does not specify what motions he believes counsel should have filed. Similarly, defendant complains that defense counsel failed to effectively cross-examine the prosecution's witnesses, but he does not specify any weaknesses or omissions in trial counsel's cross-examination.[3] Likewise, defendant refers to "sexual pictures" that he claims would have proven that the victim gave perjured testimony, but he does not offer any explanation of the content of these alleged pictures, or explain how they would have disproven the victim's testimony. To the extent that defendant asserts that the victim's testimony was not credible, and indeed was perjured, he has not provided any factual

---

[3] Defendant inaccurately asserts that the victim testified that one of the sexual offenses was committed after the victim took a shower, which defendant argues had to have been false because there was no shower in the house. However, the record does not reveal that the victim testified about any sexual offense in relation to a shower. Rather, a reference to a shower was contained in a police statement provided by the victim's sister. Defense counsel confronted the victim's sister with her police statement at trial. The witness acknowledged that there was no shower in the house and claimed that she "said tub, but they put shower." It was objectively reasonable for defense counsel to highlight this apparent inaccuracy in the witness's police statement when questioning the witness at trial.

basis for finding that defense counsel failed to adequately challenge her credibility or expose it as perjured testimony. It was ultimately left to the jury to determine the credibility of the victim's testimony. *People v Mikulen*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 337003), lv pending; slip op at 3.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien