PEOPLE v WILSON

CRIMINAL LAW—JURY—COERCION OF JURY—NUMERICAL DIVISION OF JURY.

Inquiry of trial judge into the numerical division of a jury had the tendency to be coercive, and constituted error where in a criminal case the foreman advised the court that the jury was unable to agree on a verdict and the trial court upon hearing that the jury was divided 11 to 1 observed "Well, that is not very far from a verdict" because the clear implication of the remark was that only 1 more juror remained to be convinced in order to permit the return of a unanimous verdict and it follows that the court's characterization of the jury as being "not very far from a verdict", was impermissibly coercive with respect to the single reluctant juror; at the same time, the comment would have the unhappy effect of confirming the 11 majority jurors in their tentative agreement and, whenever the question of numerical division of a jury is asked from the bench, in the context of an inquiry into the progress of deliberation, it carries the improper suggestion that the state of numerical division reflects the stage of the deliberation.

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and R. B. Burns and Targonski, JJ., reversing Van Buren, David Anderson, Jr., J. Submitted October 4, 1973. (No. 10 October Term 1973, Docket No. 54,544.) Decided December 18, 1973.

44 Mich App 137 affirmed.

Albert C. Wilson was convicted of attempted breaking and entering. Defendant appealed to the Court of Appeals. Reversed. The people appeal.

REFERENCE FOR POINTS IN HEADNOTE
[1] 53 Am Jur, Trial §§ 950–964.

Defendant cross-appeals. Affirmed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Stuart M. Israel),* for defendant on appeal.

T. E. BRENNAN, J. The case was well put by the Court of Appeals:

"Defendant was convicted by a jury of attempted breaking and entering. MCLA 750.92; MSA 28.287 and MCLA 750.110; MSA 28.305. Defendant appeals his conviction. We reverse.

"After approximately 90 minutes of deliberation the jury returned to the courtroom. The foreman advised the court that the jury was unable to agree upon a verdict, and the following colloquy occurred:

" *The Court:* Well, without saying for whom, how do you stand numerically?

" *Mr. Spicketts [foreman of jury]:* Eleven to one.

" *The Court:* Well, that is not very far from a verdict. You have been at this an hour and a half. You may be seated. I have previously instructed you that it is your duty to determine the facts from the evidence received in open court and to apply the law to the facts and in this way decide the case.

" 'I am now asking you to return to your jury room for further deliberations. In your deliberations, you should examine the questions submitted with proper regard and consideration for the opinions of others. You should listen to each other's arguments with an open mind and make every reasonable effort to reach a verdict.

" 'You will now return to your jury room and resume your deliberations.

" *The Court:* Any comments or objections to the additional instructions?

" '*Mr. Buhl [prosecuting attorney]:* No, your Honor.

" '*Mr. Hanson [defendant's attorney]:* None, your Honor.'

"Defendant claims that the trial judge erred by asking the jury for numerical division of the jury."

The majority of the Court of Appeals' panel adopted the rule of *Brasfield v United States,* 272 US 448; 47 S Ct 135; 71 L Ed 345 (1926), holding that the trial judge's inquiry into the numerical division of the jury had the tendency to be coercive, and constituted error.

Judge HOLBROOK in dissent argued that the rule in Michigan heretofore has been that each case must be considered upon its own facts, the issue on appeal being whether, under all the circumstances, the supplemental instruction of the trial court was coercive and amounted to a miscarriage of justice.

We are disposed to adopt the reasoning of the majority below.

In the case at hand, the trial court, upon hearing that the jury was divided 11 to 1, observed,

"Well, that is not very far from a verdict."

The clear implication of the trial judge's remark was that only one more juror remained to be convinced in order to permit the return of a unanimous verdict.

It cannot be supposed that a jury is closer to agreement—in point of time—when it stands at 11 to 1 than when it stands at 8 to 4 or 6 to 6.

In fact, the disposition of a single juror to stand against all of his fellows indicates a stronger conviction upon his part than if the division were more equal. Experience tells us that the holdout juror, standing alone, is often more difficult to

convince, and indeed may never be persuaded to agree with the majority.

It follows that the court's characterization of the jury as being "not very far from a verdict", was impermissibly coercive with respect to the single reluctant juror. At the same time, the comment would have had the unhappy effect of confirming the 11 majority jurors in their tentative agreement.

Whenever the question of numerical division of a jury is asked from the bench, in the context of an inquiry into the progress of deliberation, it carries the improper suggestion that the state of numerical division reflects the stage of the deliberations. It has the doubly coercive effect of melting the resistance of the minority and freezing the determination of the majority.

The Court of Appeals is affirmed, and the cause is remanded for a new trial.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. E. BRENNAN, J.